# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HASSIE-DEMOND NOWLIN,           )
                                )
                Plaintiff,      )
                                )
        v.                      )        1:12CV1207
                                )
FIRST BANK AND TRUST,           )
                                )
                Defendant.      )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on Plaintiff's Application for Leave to Proceed In Forma Pauperis (Docket Entry 1), filed with a pro se Complaint (Docket Entry 2). For the reasons that follow, pauper status will be granted for the limited purpose of entering a recommendation of dismissal for failure to state a claim and failure to comply with a court order.

## LEGAL BACKGROUND

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts 'solely because his poverty makes it impossible for him to pay or secure the costs.'" Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948)). "Dispensing with filing fees, however, [is] not without its problems. Parties proceeding under

the statute d[o] not face the same financial constraints as ordinary litigants. In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." <u>Nagy v. Federal Med. Ctr. Butner</u>, 376 F.3d 252, 255 (4th Cir. 2004).

To address this concern, the relevant statute provides, in pertinent part, that "the [C]ourt shall dismiss the case at any time if [it] determines that . . . the action . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2). A complaint falls short under this standard when it does not "contain sufficient <u>factual matter</u>, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). In other words, the applicable standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u>[1]

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent

<u>DISCUSSION</u>

The instant Complaint purports to assert a claim by Plaintiff under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a), based on Defendant's alleged violation of said statute's restrictions on collection activities after demands for validation of a debt, 15 U.S.C. § 1692g(b). (<u>See</u> Docket Entry 2 at 3-4.) It alleges that Defendant is a "debt collector[] within the meaning of the FDCPA" (<u>id.</u> at 3), but lacks any factual matter to support that bald assertion (<u>id.</u> at 1-4). Moreover, other allegations in the Complaint indicate that Defendant was seeking to collect on a credit card it issued to Plaintiff (<u>see id.</u> at 2), such that Defendant was a creditor, not a debt collector, within the meaning of the FDCPA, <u>see</u> 15 U.S.C. § 1692a(4) and (6).

---

standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read <u>Erickson</u> to undermine <u>Twombly</u>'s requirement that a pleading contain more than labels and conclusions," <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying <u>Twombly</u> in dismissing pro se complaint); <u>accord</u> <u>Atherton v. District of Columbia Off. of Mayor</u>, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting <u>Erickson</u>, 551 U.S. at 94, and <u>Iqbal</u>, 556 U.S. at 679, respectively)).

3

In an attempt to determine, inter alia,[2] if Plaintiff could provide factual matter sufficient to support an inference that Defendant qualified as a "debt collector" under the FDCPA, such that Plaintiff could state a claim under the FDCPA and could pursue this action as a pauper, the Court (per the undersigned United States Magistrate Judge) noticed this case for a hearing to occur on June 24, 2013. (See Docket Entry 6.) Said Notice expressly warned Plaintiff that a "[f]ailure to appear for proceedings may result in dismissal of this action pursuant to Fed[eral] Rule [of] Civil Procedure 41(b)." (Id. at 1.) Plaintiff did not appear as directed. (See Minute Entry dated June 24, 2013.)

Under these circumstances, the Court should dismiss this case under Section 1915(e)(2) for failure to state a claim. See, e.g., Iqbal, 556 U.S. at 678 (mandating that plaintiffs provide "factual matter" to support claims and ruling "legal conclusions" and "conclusory statements" insufficient); Horton v. HSBC Bank, No. 1:11CV3210TWT, 2013 WL 2452273, at *8 (N.D. Ga. June 5, 2013)

_____

[2] The Complaint also contains a number of inconsistencies or omissions concerning the dates of relevant events, a matter "material when testing the sufficiency of a pleading," Fed. R. Civ. P. 9(f). (See Docket Entry 2 at 2-3.) In addition, Plaintiff's Application seeking pauper status features inconsistent answers as to the existence of a spouse (see Docket Entry 1 at 1-2), offers an ambiguous response regarding his income (see id. at 2), and claims 100% responsibility for the support of a child as to whom another litigant in this Court makes the same claim (compare id. at 3, with Thompson v. SCA Collections, No. 1:12CV955, Docket Entry 1 at 3). The Court intended to address those matters with Plaintiff at the hearing as well.

4

(unpublished) ("Reciting the statutory definition without offering any facts in support is insufficient to plausibly allege that Defendants qualify as debt collectors under the FDCPA. On this basis alone, Plaintiff's FDCPA claim should be dismissed."); Garcia v. Jenkins/Babb LLP, No. 3:11-CV-3171-N-BH, 2012 WL 3847362, at *7 (N.D. Tex. July 31, 2012) (unpublished) ("Plaintiffs' description of the Jenkins/Babb Defendants as 'debt collectors' is a legal conclusion which courts are not bound to accept as true. . . . The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect debts.' This failure is fatal to the claim against them under Iqbal." (internal ellipses omitted)).

Additionally, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). In this case, Plaintiff disobeyed the Court's directive to appear for a hearing under circumstances warranting dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with a court order.

In making this recommendation, the undersigned Magistrate Judge recognizes that "dismissal is not a sanction to be invoked lightly." Id. Generally, before dismissing an action under Federal Rule of Civil Procedure 41(b), a court should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion; and (iv) the existence of a sanction less drastic than dismissal." Id. In this case, Plaintiff bears sole responsibility for the instant non-compliance, the conduct at issue prejudiced Defendant by delaying the litigation unduly (and thus depriving Defendant of the opportunity to defend against this lawsuit while memories remain freshest and before the risk of loss of pertinent documents grows), the record reflects a pattern of unfounded litigation by Plaintiff (including the filing of a legally insufficient complaint in this case and at least two others, see Nowlin v. Avis Budget Grp., No. 1:11CV511 (M.D.N.C. Jan. 24, 2012) (unpublished) (adopting recommendation of dismissal for failure to state a claim); Nowlin v. American Home MTG SVC, No. 1:11CV20 (M.D.N.C. Aug. 29, 2011) (unpublished) (same)), and no other sanction appears feasible or sufficient.

As to that last point, the Notice specifically warned Plaintiff that his failure to appear at the hearing could result in dismissal of this case. "In view of th[at] warning, the [Court]

6

ha[s] little alternative to dismissal.  Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse."  Id.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed In Forma Pauperis (Docket Entry 1) is **GRANTED FOR THE LIMITED PURPOSE OF ALLOWING THE COURT TO CONSIDER A RECOMMENDATION OF DISMISSAL.**

**IT IS RECOMMENDED** that this action be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

June 25, 2013